**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | *     **Case No. 18-cr-305-PWG** |
| **MAURICE McKAY** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Maurice McKay's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF Nos. 53, 65. In June 2019, Mr. McKay was sentenced to a 48-month term of imprisonment after pleading guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Mot. Mem. 2, ECF No. 67; *see also* Judgment, ECF No. 41. He is currently serving his sentence in FCI Cumberland and has served about half of his sentence.[1] *See id.* at 4. His release date is August 13, 2022. Gov't Resp. 2, ECF No. 73. Mr. McKay, 38 years old, suffers from severe migraine headaches as a result of injuries, and he has underlying medical conditions—hypertension and obesity—that make him more vulnerable to COVID-19. Mot. Mem. at 2-4. Mr. McKay seeks a reduction of his sentence to time served. *Id.* at 13.[2] I have reviewed all the materials[3] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Mr. McKay's motion is DENIED.

---

[1]   Mr. McKay also noted that he "has been locked up since April 14, 2008." Mot. Mem. 4. Mr. McKay calculates that he has served about 30 months including disputed time credits. *Id.* at 4 n.2; ECF Nos. 60, 64.

[2]   Mr. McKay has additionally expressed that he "is amenable to serving six months on home confinement as a condition of his supervised release in order to ensure that his transition back into the community is measured and controlled." Reply, 9, ECF No. 76.

[3]   The motion is fully briefed. *See* ECF Nos.53, 65, 73, and 76. Mr. McKay has also filed multiple supplemental letters and motions. ECF Nos. 60, 64 (Motion for Relief from Judgment related to calculation of time credits); ECF Nos. 70, 71 (seeking an injunction and declaratory relief related to state court violations); ECF No. 78 (Motion to Request a Rule 23 Release from Custody pending a decision in *Gary*);

## BACKGROUND

On January 2, 2018, the Prince George's County, Maryland, Police Department observed Mr. McKay driving a car at a high rate of speed. Stip. Facts, Plea Agreement 9, ECF No. 28. When they attempted to stop him, Mr. McKay refused to stop, and shortly after, he lost control of the car and struck a parked car. *Id.* He then attempted to flee on foot, but the officers arrested him. *Id.* Mr. McKay had a handgun and ammunition in his possession. *Id.* At that time, Mr. McKay had been previously convicted in Prince George's County of a crime of violence punishable by imprisonment for a term exceeding one year. *Id.* As a result, he was charged with offenses, including possession of a firearm by a convicted felon, in the Circuit Court of Maryland for Prince George's County. Gov't Resp. 2 (citing Presentence Report ¶ 48).

In April, 2018, Mr. McKay was detained after being found in possession of a firearm in the District of Columbia, and in September 2018, he was convicted of unlawful possession of a firearm in the Superior Court of the District of Columbia. *Id.* On May 30, 2018, Mr. McKay was charged with one count of Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) on the basis of the January 2, 2018 incident in Maryland. Indictment, ECF No. 1. Mr. McKay had previously been sentenced to serve a term of imprisonment by the Maryland state court, but he elected to remain in federal custody. ECF No. 18. In March 2019, Mr. McKay pleaded guilty under Federal Rule of Criminal Procedure 11(c)(1)(C), agreeing to a sentence of 48 months of imprisonment. Plea Agreement 5. The Court accepted the agreement, and on June 17, 2019, Mr. McKay was sentenced to serve 48 months in prison. *See* Judgment. Mr. McKay is serving his sentence at FCI Cumberland, with an expected release date of August 13, 2022. Gov't

---

ECF No. 79 (Motion to Request a Rule 7 Expand the Record seeking dismissal under *Rehaif*); ECF No. 72 (Motion to Request Summary Judgment seeking a ruling on the pending Motion to Reduce Sentence).

Resp. 2 (citing Bureau of Prisons Inmate Locator for Maurice McKay, Register Number: 33147-007, *available at* https://www.bop.gov/inmateloc/).[4]

The Government reports that as of August 2020, conditions at FCI Cumberland do not create a high risk, and protocols were put in place to mitigate the spread. *Id.* at 12. At that time, only one inmate was positive for the coronavirus. *Id.* However, conditions have changed with the recent surge in cases, and as of December 15, 2020, the facility reports 92 inmates positive and 10 staff positive. *See* https://www.bop.gov/coronavirus/ (last visited December 15, 2020). In Mr. McKay's recent letter to the Court, he reported that the facility had shut down to the public because of the rise of cases and noted that he was housed with an inmate who had just tested positive. Ltr., December 2, 2020, ECF No. 81.

Mr. McKay is 38 years old. He was diagnosed with hypertension while in the custody of the District of Columbia jail. Mot. Mem. 2 (citing medical records). He is overweight and has high blood pressure. *Id.* at 2-4. And he suffers from migraine headaches as a result of head trauma from being shot in the face when a teenager and from being beaten in the head by police officers during his arrest in this case. *Id.* at 2. The blood pressure medication contributed to more frequent severe headaches, so he stopped taking the medication. *Id.* The medication was later changed, but his blood pressure has remained elevated. *Id.* at 3-4. The pandemic has exacerbated his health issues due to poorer quality food and lack of exercise. *Id.* Although his weight has fluctuated somewhat, his Body Mass Index ("BMI") measures in the 29-30 range, which is borderline "obese" under Center for Disease Control ("CDC") guidelines. *Id.* at 4.

---

[4] The parties dispute the number of months currently served. Mr. McKay asserts that as of August, 2020, he had served almost 20 months of his sentence from this case, which includes 91 days of pre-trial custody credits and over two months of good-time credits. Mot. Mem. 4, n.2; *see also* ECF Nos. 60, 64. The Judgment noted: "Credit time served since January 3, 2018 to February 1, 2018; March 1, 2018 (State detention for same charges) and September 10, 2018 (Federal detention)." Judgment.

Mr. McKay filed a request for reduction in sentence with the warden of FCI Cumberland in May 2020, and it was denied on May 14, 2020. *See* Mot. Mem. Ex. C. The Government agrees that he has exhausted administrative remedies. Gov't Resp. 8. The Government argues that Mr. McKay's medical conditions are not serious enough to present increased risk for severe illness from COVID-19 and asserts that he continues to pose a danger to the community. *Id.*

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. McKay requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[5] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.*

---

[5] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the court to act on a motion for compassionate release filed by a defendant.

## I. Administrative Exhaustion

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied. *See* Def's Ex. C, ECF No. 67-3. As mentioned above, the Government agrees that the Court has the authority to rule on this motion.

## II. Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). I join with the majority of courts finding that 18 U.S.C. § 3582(c)(1)(A)(i) as amended grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *United States v. McCoy*, —F.3d—, No. 20-6821, 2020 WL 7050097, *7 (4th Cir. Dec. 2, 2020). More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at *9 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020).[6]

---

[6] *See also United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020).

However, while not binding, *id.*, the Sentencing Commission's policy statements may provide useful guidance.[7] U.S.S.G. § 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

Mr. McKay asserts that his underlying medical conditions—hypertension and obesity—put him at higher risk for serious illness as a result of COVID-19. Mot. Mem. 7; Reply 2. Judges in this court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where a defendant had serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No.: 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this court and others and the application of multiple conditions). Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

The Government argues, however, that Mr. McKay fails to prove extraordinary and compelling circumstances because his medical conditions do not significantly elevate his risk. Gov't Resp. 8-12. Mr. McKay, at 38, is not in a high-risk age group. Mr. McKay is also not in the CDC "A" list of conditions that put people at "high risk" of severe complications, although his

---

[7]     The Government, writing before the Fourth Circuit's opinion in *McCoy*, utilized the § 1B1.13 criteria to argue that Mr. McKay does not present extraordinary and compelling reasons and denies relief to any inmate who poses a danger to the community. Gov't Resp. 13. But as I have repeatedly held, and as the Fourth Circuit affirmed in *McCoy*, the § 1B1.13 categories are not binding in the compassionate release context.

health conditions place him into a category of people with preexisting conditions that the CDC observes *might* place him at a higher risk of severe illness should he contract the coronavirus.  Of course, as Mr. McKay observes, the CDC list is not exhaustive.  *See* Mot. Mem. 8 (citing *United States v. Kevin Powell*, Crim. No. 05-0061 (ESH), Memorandum and Order, ECF 78 (D.D.C. June 18, 2020), at 5-6).  As noted, a defendant's hypertension together with other preexisting conditions has been cited when granting compassionate release motions.  *Id.* (citing cases).  At the same time, as the Government emphasizes, Mr. McKay's "obesity" is borderline, and there are also multiple cases denying compassionate release to defendants with hypertension and obesity.  Gov't Resp. 12 (citing cases).

Although the Bureau of Prisons has taken measures to protect inmates from COVID-19, these measures do not eliminate the risks, as is evident by the surge in cases currently happening in FCI Cumberland, as is happening nation-wide.  At the same time, fear that COVID-19 will spread in the facility is not sufficient in itself to demonstrate extraordinary and compelling reasons. Nor am I persuaded that Mr. McKay's combination of hypertension, borderline obesity, and relatively young age combine to demonstrate extraordinary and compelling reasons.

These concerns are further considered in the analysis of the sentencing factors.

## III. Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary, not sufficient, condition for compassionate release. If I were to find that Mr. McKay presented compelling reasons, I must still also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline

ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

Mr. McKay has a lengthy criminal history reflecting a string of criminal convictions including assault, violation of protective orders, unauthorized use of a motor vehicle, and armed robbery. Gov't Resp. 12-13 (citing Presentence Report ¶¶ 33-39). The conviction underlying this sentence may have been for possession of a firearm (loaded with ten rounds of ammunition) rather than a violent offense, but within a few months of his arrest, he was again arrested with a firearm in the District of Columbia. In other words, knowing he was not allowed to possess a firearm as a convicted felon, he obtained another firearm within months. In light of his history of using a firearm during a violent offense, I am not encouraged to believe that he presents no danger to the community. Further, his sentence of 48 months was fair and consistent with his negotiated plea agreement. Regardless of the disputed calculations, he has only served about half of the sentence.

Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a), even if I did find compelling and extraordinary reasons to warrant a reduction in sentence.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. McKay faces based on his hypertension and weight in the current climate of surging coronavirus cases. However, I do not find that his combination of hypertension, borderline obesity, and relatively young age combine to demonstrate extraordinary and compelling reasons. And even if I did, I would find that early release would not be consistent with the sentencing factors in 18 U.S.C. § 3553(a). Therefore, Mr. McKay's motions for compassionate release are denied, and his

related motion requesting summary judgment is denied as moot. Mr. McKay's remaining motions related to time calculations and state court violations shall be decided in due course.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 16th day of December 2020, hereby ORDERED that Mr. McKay's Motion for Reduction of Sentence (ECF No. 53) is DENIED; Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 65) is DENIED; and Motion to Request Summary Judgment (ECF No. 82) is DENIED AS MOOT.[8]

/S/
Paul W. Grimm
United States District Judge

---

[8] Mr. McKay's other pending motions, not resolved here, will be resolved as promptly as the Court's schedule permits.